IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| COMPANA, LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-0285-L** |
| | § | |
| MIKE EMKE, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff's Motion to Remand, filed March 3, 2005; (2) Defendants' Fed. R. Civ. P. 12(b)(2), (3), and (6) Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief can be Granted and Defendants' Motion to Transfer Venue to the District of Nevada, filed March 7, 2005; (3) Motion to Strike Plaintiff's Motion to Remand, filed March 22, 2005; (4) Defendant's Motion for Judgment on the Pleadings, filed December 4, 2006; (5) Plaintiff Compana LLC's Motion for Leave to File Supplemental Pleading [to Motion to Dismiss], filed February 14, 2007; and (6) Plaintiff Compana LLC's Motion for Leave to File Supplemental Pleading [to Motion for Judgment on the Pleadings], filed February 22, 2007. After reviewing the motions, briefing, record, and applicable law, the court **grants** Plaintiff's Motion to Remand; **denies as moot** Defendants' Fed. R. Civ. P. 12(b)(2), (3), and (6) Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief can be Granted and Defendants' Motion to Transfer Venue to the District of Nevada; **denies** Motion to Strike Plaintiff's Motion to Remand; **denies as moot** Defendant's Motion for Judgment on the Pleadings; **denies as moot** Plaintiff Compana LLC's Motion for Leave to File

**Memorandum Opinion and Order - Page 1**

Supplemental Pleading [to Motion to Dismiss]; and **denies as moot** Plaintiff Compana LLC's Motion for Leave to File Supplemental Pleading [to Motion for Judgment on the Pleadings].

I.   **Factual and Procedural Background**

Plaintiff Compana, LLC ("Compana") brought this action in the 95th Judicial District of Dallas County, Texas, on December 10, 2004, against Defendants Mike Emke d/b/a Domain Names, Inc. ("Emke") and Idomain.com, Inc. ("Idomain"). Plaintiff asserted claims for declaratory judgment, slander of title, and tortious interference with prospective business relations. Emke removed the case to this court on February 10, 2005, on the grounds that Idomain was improperly joined and the amount in controversy exceeds $75,000, and that the case involves a federal question.

This is not the first litigation between these parties. A 2003 federal lawsuit was brought by Compana against Emke and Emke and Associates. *See Compana v. Emke and Emke & Assocs.*, 3:03-CV-2372 (N.D. Tex.) (the "2003 case"). This action was assigned to United States District Judge Barbara M.G. Lynn. The defendants in the 2003 case filed a motion to dismiss, which was referred to United States Magistrate Judge Jeff Kaplan for findings and recommendation. On September 15, 2004, Judge Kaplan recommended that the case be dismissed without prejudice for lack of personal jurisdiction. Findings & Recommendations (Sept. 15, 2004). Subsequently, Plaintiff obtained new counsel and filed objections to Judge Kaplan's findings and recommendations. Judge Lynn did not consider the findings and recommendations; because Plaintiff had filed new evidence and made new arguments in its objections to the findings and recommendations, she ordered that if Plaintiff wanted her to consider the new arguments and evidence, it must pay Defendants' attorney's fees and costs for the original briefing on the motion to dismiss. Order (Nov. 17, 2004). Without indicating whether it would pay Defendants' costs and

fees, Compana filed a Notice of Dismissal without Prejudice, and Judge Lynn dismissed the case without prejudice on November 29, 2004.

A third lawsuit between these and related parties was filed on July 19, 2005 in the United States District Court for the District of Nevada. In that case, Emke filed a complaint against Compana, Jeff Baron, and Secura GmbH asserting claims of conversion and cybersquatting in violation of 15 USC § 1125(d). Compana and Baron moved to dismiss the case, or in the alternative, to transfer the case to this district. On July 31, 2006, the Nevada court granted Compana and Baron's motion to transfer and transferred this case to the Northern District of Texas. *See Emke v. Compana, LLC, et al.*, 3:06-CV-1416-L.

The dispute between Compana, on the one hand, and Emke and Idomain, on the other, concerns the ownership of the domain name servers.com. In the live complaint in this case, Compana alleges that Idomain and Emke offered the servers.com domain name for sale in 1998 or 1999. Orig. Pet. ¶ 7. Plaintiff contends that Defendants' registration of the domain name expired. *Id.* ¶ 8. Compana alleges that when the domain name became available on January 19, 2003, it registered the name for use in its business. *Id.* ¶ 9. According to Plaintiff, Defendant Emke demanded that Compana cease and desist using the servers.com domain name, arguing that it lawfully belonged to him. *Id.* ¶ 19. Among other claims, Compana filed this suit seeking a declaratory judgment that the domain name rightfully belongs to it. *Id.* ¶¶ 15, 18.

The parties have several disputes, including whether this case was properly removed, whether this court can exercise personal jurisdiction over Defendants, and whether Plaintiff has stated a claim upon which relief can be granted. The court now considers the pending motions.

## II. Motion to Remand

### A. Legal Standard

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Diversity is proper only if each plaintiff has a different citizenship from each defendant and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v.*

*Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004).

A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

**B.     Analysis**

**1.     Motion to Strike Motion to Remand**

Before reaching the merits of Plaintiff's Motion to Remand, the court addresses Defendant Emke's Motion to Strike Plaintiff's Motion to Remand. Emke makes two arguments in support of his motion to strike. First, he argues that Plaintiff's failure to comply with the local rules of practice for this court warrant striking the motion to remand. Second, he argues that the court, before considering the motion to remand, should require Plaintiff to pay certain costs and fees Emke contends were ordered by Judge Lynn.

The court rejects Emke's argument that the motion to remand should be stricken because of Plaintiff's failure to comply with the local rules. Not only did Plaintiff comply with the local rules,

filing tables of contents and authorities for the motion to remand before the motion to strike was filed, but Emke can point to no prejudice to him by this technical failure to comply with the local rules.

As to Emke's argument regarding attorney's fees and costs, the court looks first to Judge Lynn's order in the 2003 case. The court determines that Emke's reading of Judge Lynn's order far overreaches the clear language of her order. As Emke describes the order: "Judge Lynn already has issued an Order commanding Compana to reimburse Emke for both costs *and fees*, as a pre-condition for Compana's repeated attempts to re-litigate the issue of Texas personal jurisdiction." Mot. to Strike, 3 (emphasis in original). This is a misreading and mischaracterization of Judge Lynn's order. Faced with objections filed to Magistrate Judge Jeff Kaplan's findings and recommendations that asserted new arguments and contained new evidence, Judge Lynn made the payment of fees and costs a precondition only to her consideration of Compana's objections:

> In its Objection to Judge Kaplan's Findings and Recommendations, Plaintiff, through new counsel, raises new arguments and submits new evidence in support of the assertion of personal jurisdiction over Defendants. Plaintiff's new arguments are untimely, and should have been raised, if at all, before the Magistrate Judge. The Court will disregard all such arguments, *unless the parties confer and notify the Court, on or before November 23, 2004, that Plaintiff will compensate Defendants for their reasonable attorneys' fees incurred in connection with the original briefing of the matter to Magistrate Judge Kaplan. . . .* If Plaintiff is unwilling to pay the costs associated with its untimely submissions, the Court will disregard them.

Order (Nov. 17, 2004), 1 (emphasis added). Rather than making any decision as to whether it would reimburse Defendants their costs and fees for the briefing, on November 23, 2004, Compana filed a Rule 41(a) notice of dismissal without prejudice, and Judge Lynn dismissed the case without prejudice on November 29, 2004.

Emke argues both that Judge Lynn's order requires the payment of costs and fees by Compana and that her November 29, 2004 order dismissing the case pursuant to Compana's notice of dismissal was made in error. As noted above, the court does not read Judge Lynn's November 2004 order as requiring Compana to pay Emke's costs and fees for the entire litigation; rather, she only required the payment of costs and fees for the briefing of a specific motion *if* Compana wished her to consider late arguments and evidence. Moreover, Emke did not appeal Judge Lynn's order dismissing the 2004 case, and it is not this court's place to consider the propriety of the dismissal order. It appears, however, that Compana's Rule 41(a)(1) dismissal was proper. In the 2003 case, Plaintiff had not been served with an answer or a motion for summary judgment when it voluntarily dismissed. Fed. R. Civ. P. 41(a)(1).

Although he repeatedly invokes Judge Lynn's order, Emke now seems to argue that because Rule 41(d) allows a court to require a plaintiff who has dismissed claims and then brought the claims anew to pay the defendant's costs from litigating the dismissed action, before beginning consideration of this case, the court should require Compana to comply with Judge Lynn's November 18, 2004 order. While the court believes that it understands the spirit of Emke's argument that the court should require Compana to pay his costs and fees from defending the 2003 action, this is not a reason to strike the motion to remand. As Emke has not filed a Rule 41(d)

motion, the matter is not properly before the court.[1] Accordingly, Emke's Motion to Strike Plaintiff's Motion to Remand is **denied**.

### 2. Motion to Remand

Compana moves to remand this action to the 95th District Court for Dallas County, Texas on several grounds: (1) removal was untimely; (2) Defendant Idomain is a proper party and therefore the parties are not diverse; (3) Plaintiff seeks less than $75,000 in damages; and (4) there is no federal question. Emke argues primarily that the motion to remand should be stricken from the record, as discussed above, and also contends that removal of this case was timely and proper. The court considers these arguments in turn.

#### a. Timeliness of Removal

Compana argues that Emke failed to remove this case within thirty days of his receipt of the Original Petition, and therefore, his removal is untimely. Emke argues that Compana's service was deficient because the Texas Secretary of State served his in-laws, not him or his agent, and that the Notice of Removal was filed within thirty days of his receipt of the initial pleading.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 USC § 1446(b).

---

[1] Rule 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d). Emke, however, has not made a Rule 41(d) motion, and the text of the rule makes it clear that the decision to impose costs or stay the case is not mandatory.

Compana's Original Petition was filed on December 10, 2004. In that document, Compana alleged that Emke could be served by serving the Texas Secretary of State and stating that Emke's last known address was an address in Fortuna, California. Orig. Pet. ¶ 3. Compana requested service through the Texas Secretary of State, and the Secretary certified that the Original Petition was sent to the Fortuna, California address on December 13, 2004, and that the return receipt bearing the signature of Emke's agent was received on December 18, 2004. Compana argues, therefore, that the thirty days began running on December 18, 2004, the day the Secretary stated that Emke's agent signed the return receipt. Compana also attaches an undated letter from Emke to its counsel regarding service that it contends shows that he had actual notice of the lawsuit.

Emke argues that Compana's service was improper because service was sent to an incorrect address. He claims that he actually never was served and did not even see the Original Petition until after the Notice of Removal had been filed by his attorneys on February 10, 2005. Emke, however, does not provide an affidavit or any evidence regarding Compana's alleged lack of service. He argues that his letter to Compana's counsel proves he was never served properly and the Compana knew it.

The court concludes that, though it appears both parties resorted to some gamesmanship with regard to service in this case, Emke's Notice of Removal was timely. Compana used Emke's "last known home or home office" address for service by the Secretary of State. Orig. Pet. ¶ 3. A "last known address . . . does not strictly comply" with the statute authorizing service through the Secretary of State. *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 650 (5th Cir. 1988). While Emke learned of Compana's attempt to serve him at the Fortuna address, his correspondence with Compana does not demonstrate that he had actually been served but does show

that Emke put Plaintiff on notice that the individuals who had been served were not his agents. Emke states that although he and his lawyers learned of this lawsuit sometime in January of 2005, he has never been served and his lawyers did not see the Original Petition until they went to the courthouse for a copy on February 1, 2005. Accordingly, the court determines that the Notice of Removal was timely filed pursuant to section 1446(b).

### b. Joinder of Idomain

Emke, a resident of California, argues that Defendant Idomain, a resident of Texas, was improperly joined to defeat federal jurisdiction of this case. Compana, a resident of Wyoming with a principal place of business in Texas, argues that Idomain is a necessary party to this action.

A party seeking to remove an action to federal court on the basis of improper joinder bears a heavy burden. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). As the parties wishing to invoke federal jurisdiction by alleging improper joinder, Defendants must establish that Idomain was joined by Plaintiff to defeat diversity of citizenship and therefore subject matter jurisdiction. Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil*, 841 F.2d at 1254.

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Defendants do not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means

that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of its claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

Emke argues that he never held an interest in Idomain, the principal of Idomain is dead, and that Idomain has no interest in the domain name servers.com. Compana argues that Idomain does have an interest in the domain name and that it was involved in the sale of the domain name in 1998 or 1999, and that pursuant to Texas law, all parties who may claim an interest in the property are proper parties pursuant to section 37.006 of the Texas Civil Practice and Remedies Code.

The court determines that Defendant Idomain was not improperly joined. Plaintiff has alleged and provided some evidence that Idomain offered the domain name servers.com for sale and Emke has not provided any evidence to dispute this contention. "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration *must* be made parties." Tex. Civ. Prac. & Rem. Code § 37.006(a) (emphasis added). Accordingly, the court determines that removal of this case cannot be premised upon diversity of citizenship, as Compana and Idomain are both citizens of Texas. Accordingly, the court declines to consider whether Compana has alleged an amount in controversy that exceeds $75,000.

### c. Federal Question

Compana also argues that there is no basis for federal question jurisdiction in this case because its Original Petition asserts only state law claims for declaratory judgment, slander of title, and tortious interference with prospective business relations. In his Notice of Removal, Emke stated, "it is impossible to adjudicate the issues set forth in the state court Petition, without addressing issues arising under the Lanham Trademark Act of 1946, and the Anticybersquatting Consumer Protection Act of 1999." Not. of Removal, 9. In his response to the motion to remand, Emke argues that Compana has conceded the issue of federal question jurisdiction because the 2003 case was filed in federal court and Compana affirmatively brought federal claims against

Defendants. Compana responds that its Original Petition contains no federal causes of action and that the court should consider only the Original Petition in this case, and not potential defenses and counterclaims, or Compana's causes of action raised in the 2003 case.

"To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 430-31 (1999) (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)). "A corollary to the well-pleaded complaint doctrine is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir.) (internal citation and quotation omitted), *cert. denied*, 531 U.S. 1012 (2000).

In this case, the Original Petition on its face contains only state law claims. While Emke argues that federal statutes must be addressed in considering Compana's claims, he fails to specifically identify any federal defense he may raise or to argue that the Lanham Act or the Anticybersquatting Act completely preempt Plaintiff's state claims. While he argues that it would be "absurd" for the court to separate the claims between various courts, and that Compana is forum-shopping because it raised federal claims in the 2003 case, these concerns do not create federal claims in the Original Petition. Even if Compana filed in state court to avoid Judge Kaplan's ruling on personal jurisdiction, the court is required to assess its subject matter jurisdiction over the case before it and rule accordingly. Here, Compana has raised state law claims and filed in state court. Its motivations for doing so are irrelevant. Emke has failed to provide case support or argument for

its proposition that the case necessarily involves federal questions, and accordingly, the court concludes that Compana's Original Petition does not raise a federal question.[2]

### d. Attorney's Fees and Costs

Compana also seeks all costs and expenses related to its Motion to Remand, including attorney's fees. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USC § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id*. at 293. In light of the discussion in this opinion, applicable case authority, and the manner in which this case was filed, the court cannot say that Defendants did not, arguably, have objectively reasonable grounds to remove this case. Accordingly, the court will not award costs, expenses, or attorney's fees.

## III. Conclusion

For the foregoing reasons, the court determines that Plaintiff's claims do not raise a federal question and there is not complete diversity between the parties. Accordingly, the court **lacks** subject matter jurisdiction and **denies** Motion to Strike Plaintiff's Motion to Remand, and **grants** Plaintiff's Motion to Remand. Because it lacks subject matter jurisdiction in this case, the court **denies as moot** Defendants' Fed. R. Civ. P. 12(b)(2), (3), and (6) Motion to Dismiss for Lack of

---

[2]The court also notes that while the Motion to Remand has been pending since 2005, the court's conclusion that it lacks subject matter jurisdiction requires that it remand the case to state court, regardless of the length of time this case has been pending. This motion and several others were incorrectly terminated on the docket sheet for this case in March 2006. As a result, they were removed from the pending motions list, and this oversight was not initially discovered. The court apologizes for the delay in ruling on these motions, but it bears no responsibility for the multiple jurisdictional filings by the parties.

**Memorandum Opinion and Order - Page 14**

Personal Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief can be Granted and Defendants' Motion to Transfer Venue to the District of Nevada; **denies as moot** Defendant's Motion for Judgment on the Pleadings; **denies as moot** Plaintiff Compana LLC's Motion for Leave to File Supplemental Pleading [to Motion to Dismiss]; and **denies as moot** Plaintiff Compana LLC's Motion for Leave to File Supplemental Pleading [to Motion for Judgment on the Pleadings]. As the court lacks subject matter jurisdiction, it **remands** this action, pursuant to 28 USC § 1447(c), to the 95th Judicial District Court, Dallas County, Texas. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 14th day of September, 2007.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge